UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROGER MALLICOAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11CV1218 TIA |
| | ) |
| ARCHER-DANIELS-MIDLAND COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Intervene filed by Passavant Area Hospital (ECF No. 44). Neither Plaintiff nor Defendants have filed a response in opposition to said motion, and the time for doing so has expired.

Plaintiff filed a Complaint under the Jones Act, 46 U.S.C. § 30104, et seq, for damages stemming from injuries he sustained while working as a deckineer for Defendants. Passavant Area Hospital, the proposed Intervenor to this federal action, provided medical services to Plaintiff for those injuries, causing Plaintiff to incur medical bills. Those bills remain unpaid in the amount of $28,845.79. (Mot. to Intervene ¶ 6, ECF No. 44)

On January 29, 2014, the parties notified the Court that they had reached a settlement, and they requested that the Court adjudicate the outstanding liens. (Joint Mot. to Adjudicate Liens, ECF No. 41) The Court then set the motion for hearing, specifically to allow the parties to inform the Court regarding jurisdiction and authority to adjudicate claims or liens of non-parties. (ECF No. 42) Thereafter, on February 24, 2014, Passavant Area Hospital filed a Motion to Intervene and a Response in Opposition to the Joint Motion to Adjudicate Liens. The parties have not timely

filed a response to Passavant Area Hospital's motion.

Under Federal Rule of Civil Procedure 24(a)(2), a court must allow anyone to intervene where that movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situation that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Here, Passavant Area Hospital contends that the parties are asking this Court to adjudicate the hospital's lien for substantially less than the amount owed, thus impairing its ability to protect its interests in recovering the monies due for unpaid medical bills. After thorough consideration of the motion and the response in opposition filed by Passavant Area Hospital, the undersigned finds that intervention is proper in this case. Therefore, the Court will grant the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Passavant Area Hospital's Motion to Intervene (ECF No. 44) is **GRANTED.**

                                /s/ Terry I. Adelman
                          UNITED STATES MAGISTRATE JUDGE

Dated this  24th  day of March, 2014.