UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER MALLICOAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1218 TIA |
| | ) | |
| ARCHER-DANIELS-MIDLAND COMPANY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' Joint Motion to Adjudicate Liens (ECF No. 41). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

Plaintiff filed a Complaint under the Jones Act, 46 U.S.C. § 30104, et seq, for damages stemming from injuries he sustained while working as a deckineer for Defendants. On January 29, 2014, the parties notified the Court that they had reached a settlement, and they requested that the Court adjudicate the outstanding liens. (Joint Mot. to Adjudicate Liens, ECF No. 41) The Court then set the motion for hearing, specifically to allow the parties to inform the Court regarding jurisdiction and authority to adjudicate claims or liens of non-parties. (ECF No. 42) During the hearing, counsel for Defendants presented a Brief in Support of Motion to Adjudicate Liens and argued that, under Clarion Corp. v. Am. Home Prods. Corp., 464 F.2d 444, 445 (7th Cir. 1972), this Court has jurisdiction to adjudicate liens over a monetary settlement achieved by a suit properly brought pursuant to federal jurisdiction. Defendants further asserted that ancillary jurisdiction allows the Court to decide collateral matters necessary to complete justice. Curry v. Del Priore, 941 F.2d 730, 731 (9th Cir. 1991) (citation omitted).

The cases to which Defendants cite pertain to the adjudication of attorney's fees disputes. For instance, in Clarion, plaintiff accepted an offer of settlement, and the attorneys for plaintiff sought attorney's fees. 464 F.2d at 445. The court found that it had jurisdiction under the theory that "if the original action has a proper basis for Federal jurisdiction then any recovery achieved by that suit creates an attachable interest upon which the **attorney** may assert his claim for fees." Id. (emphasis added). Likewise, in Curry, the plaintiff sought the return of a retainer paid to the defendant's attorney, and the attorney argued that the court lacked subject matter jurisdiction. The district court found, "[a]ncillary jurisdiction encompasses motions to withdraw and fee disputes generated thereby[,]" noting that attorney's fee disputes were supplemental to federal proceedings. 941 F.2d at 732. As stated recently by a U.S. District Court in the Northern District of Illinois, "[s]upplemental jurisdiction extends to suits over attorney's fees for work in underlying litigation that is already within the court's jurisdiction." Oparaeche v. Reddy, No. 12 CV 1586, 2013 WL 505382, at *3 (N.D. Ill. Feb. 11, 2013) (citations omitted).

Here, the parties are not asking the Court to determine attorney's fees for services rendered in this federal case but to determine the amounts from the settlement proceeds that should be allocated to non-party lien holders. Nothing in Defendants' Brief or in the oral arguments presented by both parties speaks to this Court's jurisdiction over debts owed by Plaintiff for medical services provided in Illinois. Indeed, the parties argue, with no statutory authority or case law in support, that because the non-party lien holders had the opportunity to resolve their debt disputes or intervene in this Jones Act admiralty case yet failed to do so, this Court has the jurisdiction to allocate the funds between the lien holders. Plaintiff's counsel further argued during the hearing that the Court should hold these entities in default and give them nothing.

This Court declines to extend the holdings that courts may exercise ancillary jurisdiction over attorney fee disputes to disputes pertaining to debts owed to non-parties pursuant to an unrelated matter. Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." The parties have failed to demonstrate any nexus between the Jones Act case before this Court and the medical providers' claims for payment for services rendered. As such, the parties may either proceed with the settlement and file a voluntary notice of dismissal pursuant to that settlement or proceed to trial. The parties should file a notice with this court expressing their intentions moving forward no later than April 11, 2014.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion to Adjudicate Liens (ECF No. 41) is **DENIED**. Consistent with this Memorandum and Order, the parties shall file a joint status report with this Court no later than April 11, 2014.

      /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this __2nd__ day of __April__, 2014.